[Cite as *State v. Davis*, 2026-Ohio-2725.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ROBERT DAVIS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 BE 0058

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 25 CR 21

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. J. Kevin Flanagan*, Belmont County Prosecutor, and *Atty. Jacob A. Manning*, Assistant Prosecutor, for Plaintiff-Appellee

*Atty. James R. Wise*, for Defendant-Appellant

Dated:  July 15, 2026

---

**WAITE, P.J.**

{¶1} Appellant Robert Davis appeals the December 2, 2025 judgment entry of the Belmont County Court of Common Pleas convicting him of rape. Appellant argues solely that the trial court erred in failing to impose the joint sentencing agreement reached by the parties. Because a trial court is not bound by a jointly-recommended sentence, Appellant's argument is without merit and the judgment of the trial court is affirmed.

<u>Factual and Procedural History</u>

{¶2} Due to Appellant's plea agreement, the facts within the record are sparse. The female victim is a minor, who at the time of the incident was twelve-years old. The victim has a sister who is about the same age. It appears that Appellant was the boyfriend of the victim's mother, and immediately attempted to bond with the victim.

{¶3} In January of 2021, Appellant raped the victim for the first time. She went down to the basement where he smoked marijuana and drank beer. He began touching her inappropriately, causing her to flee to her sister's room, but Appellant followed her. As she feared what would happen once he reached her, she pressed record on her phone. When he entered the room, he raped her. When her mother got home, she asked to be taken to her grandmother's house, as she expressed that she did not feel safe at home. Throughout the day, Appellant sent her messages, begging her to not tell anyone what had occurred and claiming that his actions were the result of his drinking. However, the victim informed her grandmother about the rape. Grandmother then told the victim's mother, who immediately removed Appellant from the house.

{¶4} However, at some point Appellant returned to the house with the mother's permission and he continued to rape her, multiple times a week. He attempted to silence

her by giving her alcohol and allowing her to vape. She did not initially disclose this repeated behavior because she did not want to upset her mother again. Eventually, however, she did disclose the rapes were occurring. While accusations arose that Appellant also raped the victim's sister during the same time period, the sister did not make a statement to law enforcement.

{¶5} On February 6, 2025, Appellant was indicted on two counts of rape, felonies of the first degree in violation of R.C. 2907.02(A)(2), (B); two counts of unlawful sexual conduct with a minor, felonies of the second degree in violation of R.C. 2907.04(A), (B)(4); and two counts of sexual battery, felonies of the third degree in violation of R.C. 2907.03(A)(5), (B).

{¶6} On November 5, 2025, Appellant pleaded guilty to one count of rape. The remaining charges were to be dismissed. The court accepted the plea and ordered a pre-sentence investigation report ("PSI") and a victim impact statement be prepared. The PSI revealed Appellant had a lengthy criminal history, dating as far back as a juvenile record. The report also revealed a prior conviction for unlawful sexual conduct with a minor, and several violations of Appellant's requirement to report as a sex offender.

{¶7} The state and defense counsel agreed to request a sentence of six years of incarceration. At the sentencing hearing, a discussion occurred where the state and defense counsel clarified that the plea agreement had been reached because of concerns regarding the allegations of the victim's sister and her credibility.

{¶8} Citing the seriousness of the offense, Appellant's lengthy criminal record, the number of Appellant's prior sex offenses involving minors, and his lack of remorse, the court exceeded the parties' sentencing agreement and imposed a minimum of eight

and a maximum of twelve years of imprisonment, in accordance with the Regan Tokes Act. No objection was lodged at the hearing regarding the length of the sentence. This timely appeal followed.

<u>ASSIGNMENT OF ERROR</u>

The Sentence of the Trial Court was contrary to law.

{¶9} Appellant contends that the trial court was obligated to impose the agreed sentence in this case. Appellant urges that a plea agreement amounts to a contract between the state and the defendant, and claims the court was contractually bound to impose the sentence to which the parties had agreed.

{¶10} The state argues that the court imposed the sentence based on Appellant's criminal record, and that the court had warned Appellant at the plea hearing and within the plea agreement that it was not bound by an agreement between the parties when sentencing. The state points to a lack of an objection or even a request to allow Appellant time to reconsider his plea.

{¶11} "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1.

A sentence is considered to be clearly and convincingly contrary to law if it falls outside of the statutory range for the particular degree of offense; if the trial court failed to properly consider the purposes and principles of felony sentencing as enumerated in R.C. 2929.11 and the

<u>Case No. 25 BE 0058</u>

seriousness and recidivism factors set forth in R.C. 2929.12; or if the trial court orders consecutive sentences and does not make the necessary consecutive sentence findings.

*State v. Pendland*, 2021-Ohio-1313, ¶ 41 (7th Dist.); citing *State v. Collins*, 2017-Ohio-1264, ¶ 9 (7th Dist.); *State v. Bonnell*, 2014-Ohio-3177, ¶ 30.

{¶12}  It is well-settled that where the trial court warned a defendant of the possible penalties and advised the defendant that it could impose a sentence beyond the parties' agreed recommendation, the court is not a party to that contract and is not bound by the parties' agreement.  *State v. Turner,* 2019-Ohio-934 (7th Dist.).

{¶13}  At the plea hearing, the court asked Appellant "do you understand this recommendation of six to nine years is a recommendation?  Do you understand this Court is not required to follow that?"  (Plea Hrg., p. 4.)  Appellant responded in the affirmative. In addition, the signed plea agreement states:  "I however, understand that this is merely a recommendation to the Court and is not binding upon the Court; the Judge may, therefore, choose to accept, reject, or modify this recommendation."  (Plea Agreement, p. 3.)

{¶14}  While a plea agreement has been construed as a contractual document between the state and the defendant, the law in Ohio is very clear that the trial court is not a party to that agreement.  The well-established law provides that a court is not bound to impose a sentence in accordance with the parties' agreement.  This record is replete with evidence that the court reached its sentence following a full consideration of the PSI report, and strongly relied on that report in fashioning Appellant's sentence.  Accordingly,

Appellant's sole assignment of error is without merit and is overruled. Additionally, the sentence is well within the limits provided by law.

## Conclusion

{¶15} Appellant argues solely that the trial court erred in failing to impose the joint sentencing agreement reached by the parties. Because a trial court is not bound by a jointly-recommended sentence, Appellant's argument is without merit and the judgment of the trial court is affirmed.

Robb, J. concurs.

Dickey, J. concurs.

---

For the reasons stated in the Opinion rendered herein, Appellant's assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**